UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

Charles E. Dent,

                Petitioner,

v.

                Case No. 3:16-cv-365 JVB

Superintendent,

                Respondent.

**OPINION AND ORDER**

Charles E. Dent, a pro se prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (ISP 16-04-125) where a disciplinary hearing officer (DHO) found him guilty of Assault/Battery in violation of A-102. ECF 1-1 at 3. As a result, he was sanctioned with the loss of 30 days earned credit time. Dent identifies three grounds in his petition.

In each ground, Dent alleges violations of Indiana Department of Correction (IDOC) policy. However, the IDOC's failure to follow its own policy does not arise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Nevertheless, the court will analyze the claims to determine whether any of them might present a basis for federal habeas corpus relief.

Grounds One and Two are related. Dent argues that the DHO did not watch all of the video he requested and then did not properly explain why. (ECF 1 at 2.) Dent was seen on video fighting with another inmate. (ECF 1-1 at 1.) The reporting officer stated, "[b]oth offenders had

1

items in there (sic) hands and were using them while fighting." (ECF 1-1 at 1 (emphasis in original).) Dent argues that the video immediately preceding that segment would have shown that it was the other inmate who attacked him. (ECF 1 at 2.)

An inmate has a constitutional right to present relevant, exculpatory evidence during a prison disciplinary hearing which extends the duration of his confinement. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974); *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). However, "[p]risons may discipline inmates who engage in violence even if the inmate did so to protect himself." *Keller v. Cross*, 603 F. App'x 488, 489 (7th Cir. 2015). "[I]nmates do not have a constitutional right to raise self-defense as a defense in the context of prison disciplinary proceedings." *Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011). Therefore, evidence that Dent acted in self-defense would not have been relevant or exculpatory to the question of whether he committed a battery upon another inmate. Neither did he have a constitutional right to a written explanation about why that portion of the video was not reviewed. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) ("*Baxter v. Palmigiano*, 425 U.S. 308 (1976), warns the court of appeals not to add to the procedures required by *Wolff*, which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners."). Therefore, neither Grounds One nor Two are a basis for habeas corpus relief.

In Ground Three, Dent argues that he was not given a lay advocate during his hearing. (ECF 1 at 2.) However, a lay advocate is only required when the inmate is illiterate or the issues are complex. *Wolff v. McDonnell*, 418 U.S. 539, 570 (1974); *see also Miller v. Duckworth*, 963


F.2d 1002 (7th Cir. 1992), and *Wilson-El v. Finnan*, 263 Fed. Appx. 503 (7th Cir. 2008). As reflected by his petition and the attached documents, Dent is not illiterate. Neither was this a complex case. Dent acknowledges that he was fighting, but argued it was self-defense. Therefore, Ground Three is not a basis for habeas corpus relief.

If Dent wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the habeas corpus petition is **DENIED**. The clerk is **DIRECTED** to enter judgment and close this case. Charles E. Dent is **DENIED** leave to proceed in forma pauperis on appeal.

SO ORDERED on April 24, 2017.

   s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE